IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SF OVERLAND PARK, LLC and PARK MEADOWS SENIOR LIVING, LLC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 2:24-cv-02601-JWL-TJJ |
| vs. | ) | |
| | ) | |
| JOHNSON CONTROLS FIRE PROTECTION, L.P., | ) ) | |
| | ) | |
| Defendant/Third-Party Plaintiff. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SPECTRUM RETIREMENT COMMUNITIES, LLC, | ) ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

The Travelers Indemnity Company ("Travelers") has filed a Motion to Intervene (ECF No. 41) requesting an order permitting it to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, granting permissive intervention pursuant to Rule 24(b)(1)(B). Defendant opposes the motion. For the reasons set forth at the August 21, 2025 scheduling conference and explained in more detail below, the Court grants the motion.

## I.    Relevant Background

Plaintiffs SF Overland Park, LLC ("SF Overland Park") and Park Meadows Senior Living LLC ("Park Meadows") (collectively "Plaintiffs") filed this action on December 27, 2024, seeking damages from Defendant Johnson Controls Fire Protection, L.P. ("Defendant") arising from a flooding incident at a senior living center (the "Subject Property") allegedly caused by the failure of a fire suppression sprinkler system. On February 4, 2025, Defendant filed its answer and a

Third-Party Complaint (ECF No. 6) against Spectrum Retirement Communities, LLC ("Third-Party Defendant"), the property management company engaged by Park Meadows, alleging it failed to take reasonable precautions to protect the Subject Property from water damage.

Travelers issued insurance policy KTK-CMB-7T09743-0-23 (the "Policy") to SF Overland Park as the property owner and Park Meadows as the business operator of the Subject Property. The Policy has a subrogation provision that transfers the insureds' rights to recover damages from another to Travelers to the extent Travelers makes payments under the Policy. Travelers states it paid over $12 million as a result of the damage caused by the flooding incident under the Policy.

## II.    Legal Standards

Under Federal Rule of Civil Procedure 24(a)(2), upon timely motion, the Court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A movant is entitled "to intervene as of right" if the following four criteria are met: "(1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[1]  The Tenth Circuit has historically taken a "liberal" approach to intervention as a matter of right and thus "favors the granting of motions to intervene."[2]

---

[1] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[2] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Federal Rule of Civil Procedure 24(b) allows for permissive intervention under a different standard. "On a timely motion, the court may permit intervention to anyone who . . . has a claim or defense that shares with the main action a common question of fact or law."[3] Rule 24(b)(3) requires the court consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights."

## III.    Analysis

Travelers requests it be permitted to intervene as a matter of right and addresses each required element of Rule 24(a)(2). In the alternative, it seeks permissive intervention under Rule 24(b)(1)(B). The Court considers the alternative requests below.

### A.        Timeliness of the Motion

A "timely" motion is required for either intervention as a matter of right or permissive intervention. The Tenth Circuit has recognized three factors in determining whether a motion to intervene is timely: (1) the length of time since the movant knew of its interest in the case; (2) prejudice to existing parties; and (3) prejudice to the movant.[4] These consideration are not exclusive and the court should also consider "the existence of any unusual circumstances."[5] In this context, prejudice means that caused by the "would-be intervenor's delay, not the practical prejudice that inevitably comes from defending against additional claims."[6]

Travelers filed its motion to intervene on July 30, 2025, approximately seven months after

---

[3] Fed. R. Civ. P. 24(b)(1)(B).

[4] *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010).

[5] *Id.*

[6] *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 333 (D. Kan. 2020).

Plaintiffs filed this case on December 27, 2024. Although a Scheduling Order was entered on May 29, 2025, the Court stayed this case on June 27, 2025 for sixty days after counsel for Plaintiffs and Third-Party Defendant filed a motion to withdraw. The stay was entered to give Plaintiffs and Third-Party Defendant sufficient time to retain new counsel and have counsel enter appearances in this case. New counsel entered appearances for Plaintiffs on August 11, 2025, and for Third-Party Defendant on July 28, 2025. Because of the stay entered due to the withdrawal and entry of new counsel for Plaintiffs and Third-Party Defendant, this case is still in the early stages of discovery. At the scheduling conference held on August 21, 2025, the Court extended the Scheduling Order deadlines to allow all parties sufficient time to retain experts, serve proper disclosures, and to complete discovery, taking into account Travelers' intervention in the case. The Court thus finds no party will be unduly prejudiced by allowing Travelers to intervene as a plaintiff at this early stage of the case. Travelers' motion is timely filed.

**B.        Intervention as a Matter of Right**

**1.        Interest in Litigation That May Be Impaired**

Intervention as a matter of right pursuant to Rule 24(a)(2) requires a movant to demonstrate it has an interest relating to the subject of the action, and such interest may be impaired or impeded by the litigation.  To satisfy these elements, the party seeking to intervene bears a "minimal" burden to show that it has an interest that could be adversely affected by the litigation.[7] "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due

---

[7] *Id.* (citations omitted).

process."[8]  The interest must be "direct, substantially, and legally protectable" and "one that would be impeded by the disposition of the action."[9]   The threshold for finding the "requisite protectable interest is not high, and the mere threat of economic injury is sufficient for granting intervention."[10]

Travelers argues it is a real party in interest in this action because it is contractually and equitably subrogated to the rights of Plaintiffs, who are its insureds, to the extent it has reimbursed the loss Plaintiffs seek to recover from Defendant under the Policy. Travelers further contends if not permitted to intervene, its legal interest in pursuing subrogation against the responsible third party will be impaired or impeded. Defendant does not dispute Travelers has an interest but argues Travelers' interests are not impaired. It argues Travelers, as a subrogee, can do nothing more than stand in the shoes of Plaintiffs and has no more rights or damages different from Plaintiffs so there can be no independent claims by Travelers against Defendant.

The Court finds Travelers has shown that it has an interest relating to the subject of this action. That interest was created by the subrogation provision of the Policy it issued to Plaintiffs, under which it has paid substantial damages resulting from the flooding incident for which Plaintiffs are seeking damages from Defendant. Travelers has also shown its interest could be impaired by this litigation if not permitted to intervene. In this case, Defendant has asserted a defense that the damages may have been caused by the sole carelessness and/or negligence of Plaintiffs and or Third-Party Defendant. Travelers' interests therefore may not fully align with

---

[8] *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (citations omitted).

[9] *Id.*

[10] *LM Ins. Corp. v. Smart Framing Constr. LLC*, No. 24-2097-JAR-ADM, 2024 WL 4134898, at *2 (D. Kan. Sept. 10, 2024) (citing *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)).

Plaintiffs' interests. There is also a risk any amount recovered will not fully cover the damages sought by Plaintiffs and Travelers. The Court finds Travelers has demonstrated it has a substantial interest in this action and that interest could be impaired if not permitted to intervene.

## 2.    Adequate Representation of Interest

The final criteria for intervention as a matter of right under Rule 24(a)(2) is whether existing parties adequately represent the movant's interest. However, the burden to establish inadequate representation by existing parties to the litigation is minimal.[11] "If the parties' interests are identical, the court may presume adequate representation. But the possibility of divergent interests is enough to satisfy this element and, to that end, the moving party need only show the potential for inadequate representation."[12]

Travelers contends Rule 24(a)(2), as interpreted by the U.S. Supreme Court in *Trbovich v. United Mine Workers of America*,[13] only requires it to show that Plaintiffs' representation of its interest "may be" inadequate and its burden of making that showing should be treated as minimal. It argues its interest diverges from Plaintiffs and this is shown by a letter counsel for Plaintiffs circulated expressly disclaiming Plaintiffs' desire to lead or, in part, to even prosecute, the case against Defendant or to pursue unpaid losses. Travelers asserts its interest is in recovering the $12 million in damages it has paid, or may pay later, under the Policy. In contrast, Plaintiffs' interest should be in recovering anything they contend they are owed and that Travelers did not (or does not later) pay.

---

[11] *Jake's Fireworks,* 335 F.R.D. at 334.

[12] *Id.*

[13] 404 U.S. 528, 538 n.10 (1972).

6

Defendant argues Travelers' interests are adequately protected by two Plaintiffs that each redundantly seek identical recovery of alleged damages associated with the flooding event. Defendant contends Travelers and Plaintiffs make identical claims, seek identical recoveries, and seek to prove Defendant was responsible for the damages caused by the flooding event. It also points to the Policy language requiring Plaintiffs to do everything necessary to secure Travelers' rights and do nothing to impair those rights.

The Court finds Travelers has raised sufficient doubt about the adequacy of representation of its interest by Plaintiffs to warrant intervention. As discussed above, depending on the Court's determination of who is legally responsible for the damages caused by the flooding incident at the Subject Property, Travelers' interest may not fully align or may even conflict with Plaintiffs' interest. Those interests may also diverge if any amount recovered (or settlement amount) does not fully cover all the damages sought by Plaintiffs and Travelers. Finally, the Court finds diversity jurisdiction would not be impacted as Travelers is a Connecticut insurance company with its principal place of business in Connecticut and no other party is citizen of Connecticut.

In its discretion and noting Travelers' burden is "minimal," the Court finds Travelers has shown it has an interest relating to the Subject Property that could be impaired by this litigation and no other party adequately represents that interest. Travelers therefore has satisfied all the requirements for intervention as a matter of right under Rule 24(a)(2) and therefore will be permitted to intervene in this case as a matter of right.

## C.        Permissive Intervention.

The Court also finds Travelers meets the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which permits intervention by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Travelers' claims for

negligence and negligent misrepresentation in its proposed Intervenor's Complaint seeking damages against Defendant are based upon the same flooding incident giving rise to Plaintiffs' claims against Defendant. Travelers' claims would share common questions of law and fact and would allow for permissive intervention under Rule 24(b)(1)(B).

**IT IS THEREFORE ORDERED** that Travelers' Motion to Intervene (ECF No. 41) is **GRANTED.** Travelers shall file its Intervenor's Complaint (ECF No. 41-1) by **September 3, 2025**.

**IT IS FURTHER ORDERED THAT** that the deadline to answer or otherwise respond to the Intervenor's Complaint is **twenty-one (21) days** after it is filed.

**IT IS SO ORDERED.**

Dated August 26, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge