IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SF OVERLAND PARK, LLC; and )
PARK MEADOWS SENIOR LIVING, LLC, )
)
      Plaintiffs, )
)
and THE TRAVELERS INDEMNITY )
    COMPANY, )
)
      Plaintiff-Intervenor, )
)
      v. )   Case No. 24-2601-JWL
)
JOHNSON CONTROLS FIRE )
    PROTECTION, L.P., )
)
      Defendant / Third-Party Plaintiff, )
)
      v. )
)
SPECTRUM RETIREMENT )
    COMMUNITIES, LLC, )
)
      Third-Party Defendant. )
)
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion (Doc. # 65) by third-party defendant Spectrum Retirement Communities, LLC ("SRC") for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on third-party claims brought by defendant / third-party plaintiff Johnson Controls Fire Protection, L.P. ("JCFP"). As more fully set forth below, the motion is **granted in part, denied in part, and retained under**

**advisement in part**. The motion is granted with respect to JCFP's claims for breach of contract asserted in Counts I, II, and III to the extent those claims are based on alleged breaches of the Service Agreement attached to the third-party complaint; such claims are hereby dismissed, and SRC is entitled to judgment on those claims. The motion is denied with respect to JCFP's claim in Count IV for negligent misrepresentation. The motion is retained under advisement with respect to JCFP's claims for breach of contract asserted in Counts I, II, and III to the extent based on alleged breaches of written Service Requests provided by JCFP. Moreover, JCFP shall file a supplemental response brief on or before **November 26, 2025**, and SRC may then file a supplemental reply brief within **14 days** after the filing of the supplemental response, addressing the motion as it relates to claims for breach of the Service Requests.

I.    **Background**

This suit was initiated by plaintiffs SF Overland Park, LLC ("SFOP") and Park Meadows Senior Living, LLC ("Park Meadows"), who asserted claims for negligence and negligent misrepresentation against JCFP arising from damage at plaintiffs' property allegedly caused by JCFP's performance of repair work on the dry sprinkler system at the property on January 18 and 19, 2024. According to the complaint, an affiliate of SRC served as the management company for the senior living business at the property.[1]

---

[1] Subsequently, The Travelers Indemnity Company ("Travelers"), plaintiffs' insurer, was permitted to intervene based on its subrogation rights with respect to plaintiffs' claims, and Travelers then asserted the same claims against JCFP in its intervenor Continued…

JCFP then filed a third-party complaint by which it asserts claims against SRC for breach of contract (Counts I, II, and III) and negligent misrepresentation (Count IV). JCFP attached to the complaint as Exhibit B an Amended and Restated National Accounts Service Agreement ("the Service Agreement") between JCFP and SRC, the breach of which JCFP alleges in its contract claims. By its present motion, SRC seeks judgment on the pleadings with respect to all claims against it.

## II. <u>Governing Standard</u>

A motion for judgment on the pleadings pursuant Fed. R. Civ. P. 12(c) is governed by the same standard that applies to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Park Univ. Enters., Inc. v. American Cas. Co. of Reading, Penn.*, 442 F.3d 1239, 1244 (10th Cir. 2006). The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the

---

complaint. In light of the claims asserted by Travelers, plaintiffs have now moved to have their own claims dismissed.

3

plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.     Claims for Breach of Contract (Counts I, II, and III)

#### A. *Claims for Breach of the Service Agreement*

In seeking judgment with respect to the contract claims against it, SRC argues that JCFP has alleged breaches only of the Service Agreement attached to the third-party complaint; and that the Service Agreement on its face applies only to inspections by JCFP and thus does not apply to the repair work that is the subject of the claims by and against JCFP. In response, JCFP argues only that its contract claims are not based solely on breaches of the Service Agreement, but are also based on breaches of Service Requests that it provided when it did repair work for SRC, which allegedly contain terms identical to those in the Service Agreement. In so arguing, JCFP notes SRC's argument regarding the non-applicability of the Service Agreement only tangentially, by parenthetical, and it does not address the argument substantively. Thus JCFP, in response to SRC's argument directly raising the issue, has not argued that it has stated or could state a cognizable claim against SRC for breach of the Service Agreement in light of that agreement's terms as shown in the attachment to the third-party complaint.

4

Accordingly, the Court grants as unopposed SRC's motion for judgment on the pleadings on the contract claims (Counts I, II, and III) to the extent based on breaches of the Service Agreement. Moreover, such claims are dismissed without leave to amend, as JCFP has not explained how it could add allegations sufficient to save these claims.[2] Therefore, the Court dismisses these claims, on which SRC is entitled to judgment.

### B. *Claims for Breach of the Service Requests*

In its motion, SRC argues that JCFP has asserted contract claims based solely on alleged breaches of the Service Agreement. In a footnote, SRC notes the third-party complaint's references to the Service Requests, but it nevertheless effectively argues, without analysis of the actual allegations, that JCFP has not asserted claims for breach of the Service Requests. SRC contends that JCFP has not alleged that the Service Requests constitute contracts separate from the Service Agreement, identified the terms of the Service Requests, or alleged that SRC is a party to the Service Requests.[3]

The Court rejects this argument, however, as it concludes that JCFP did not limit its contract claims to breach of the Service Agreement and that JCFP has asserted claims for breach of the Service Requests. Specifically, JCFP has alleged that it provided Service

---

[2] In seeking leave to amend, JCFP states only that it seeks the opportunity to add details concerning its claims for breaches of the Service Requests.

[3] The Court rejects the apparent argument included in the footnote, for which SRC offers no supporting authority, that the Service Requests could not provide a basis for the contract claims because they were not attached to the complaint (an argument that SRC abandons in its reply brief). *See Nations Holding Co. v. Great Am. E&S Ins. Co.*, 2010 WL 11565139, at *1 (D. Kan. Feb. 3, 2010) (noting lack of authority for any such requirement).

Requests to SRC for repair work at the property; that the Service Requests "contain the same terms and conditions as the Service Agreement;" that "[t]he Service Agreement and Service Requests" contain the particular provisions on which JCFP bases its claims; and, in each particular count, that SRC failed to comply with a particular provision of the "contracts" (plural). Therefore, the Court concludes, based on a reasonable reading of the third-party complaint, that JCFP has asserted claims for breach of the Service Requests.

Nevertheless, as SRC points out, the actual Service Requests provided by JCFP for work at the property – as produced in discovery by JCFP and submitted by SRC with its reply brief – on their face seem to contradict any claim that the Service Requests are contracts to which SRC is a party, as the Service Requests contain no reference to SRC and name only Park Meadows as the customer subject to certain terms. SRC argues in its reply brief that the Court may and should consider the Service Requests themselves, on which JCFP bases its claims; and SRC further argues that those documents require dismissal of the contract claims, on the basis that the Service Requests do not constitute contracts between JCFP and SRC.

This is a new argument, raised for the first time in SRC's reply brief. Although SRC, in a footnote in its initial brief, noted the lack of any allegation that SRC was a party to the Service Requests, it did not rely on the actual documents before submitting its reply brief, and thus JCFP did not have the opportunity to address the specific argument in its only authorized brief. The Court believes, in the interest of efficiency, that it is best to address this issue within the context of the present motion, instead of tabling the issue or having JCFP amend.

6

Accordingly, the Court retains the motion under advisement as it relates to these specific contract claims based on the Service Requests, so that JCFP may have the opportunity to address the claims at this time.  JCFP shall file a supplemental response brief on or before **November 24, 2025**, and SRC may file a supplemental reply brief within **14 days** after the filing of JCFP's brief.  In its supplemental brief, JCFP should address SRC's argument that these claims should be dismissed on the basis that SRC is not a party to any such contracts.  In so doing, JCFP should address whether its claims are based on one or multiple particular Service Requests, and whether this argument by SRC may or should be addressed by the Court with or without conversion of the motion to one for summary judgment under Rule 56.

**IV.     Claim for Negligent Misreprsentation (Count IV)**

Finally, SRC seeks judgment on the pleadings with respect to JCFP's claim for negligent misrepresentation.  In that claim, JCFP alleges that SRC "misrepresented to JCFP that [SRC] owned the Subject Property."  JCFP further alleges that the "written contracts" between the parties "reflect that understanding," as demonstrated, "for example," by a term in the "contracts" that addresses assignment in the event that any of the customer's communities are sold or ownership is transferred to another entity.  SRC argues that this claim is subject to dismissal because the Service Agreement, on which the claim is based, does not apply here (as argued with respect to the contract claims) and does not contain any such representation that SRC owned the property.

7

The Court rejects this argument. As a preliminary matter, SRC's argument based solely on the scope of the Service Agreement does not succeed because, as with the contract claims, the reference in this count is to the "contracts" and not solely to the Service Agreement. At any rate, the Court agrees with JCFP that this claim as alleged is based on a particular representation, identified in the third-party complaint, without being limited to representations in the written contracts. Rather, the third-party complaint is reasonably read as citing one provision of the contracts as evidentiary support – as an "example" that "reflect[s] that understanding" conveyed by the representation. Accordingly, because this claim does not depend on the applicability of any particular written contract, the Court rejects this basis for dismissal, and it therefore denies the instant motion as it relates to the negligent misrepresentation claim.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion (Doc. # 65) by third-party defendant SRC for judgment on the pleadings is hereby **granted in part, denied in part, and retained under advisement in part**. The motion is granted with respect to third-party plaintiff JCFP's claims for breach of contract asserted in Counts I, II, and III to the extent those claims are based on alleged breaches of the Service Agreement attached to the third-party complaint; such claims are hereby dismissed, and judgment will be entered in SRC's favor on those claims. The motion is denied with respect to JCFP's claim in Count IV for negligent misrepresentation. The motion is retained under advisement with respect to JCFP's claims for breach of contract asserted in Counts I, II, and III to the extent based on alleged breaches of written Service Requests.

IT IS FURTHER ORDERED BY THE COURT THAT third-party plaintiff JCFP shall file a supplemental response brief on or before **November 26, 2025**, and third-party defendant SRC may then file a supplemental reply brief within **14 days** after the filing of the supplemental response, addressing the motion as it relates to claims for breach of the Service Requests.

IT IS SO ORDERED.

Dated this 12th day of November, 2025, in Kansas City, Kansas.

 /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge