IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE TRAVELERS INDEMNITY )
      COMPANY, as Subrogee, )
                 )
           Plaintiff, )
                 )
      v. )     Case No. 24-2601-JWL
                 )
JOHNSON CONTROLS FIRE )
      PROTECTION, L.P., )
                 )
      Defendant / Third-Party Plaintiff, )
                 )
      v. )
                 )
SF OVERLAND PARK, LLC; )
PARK MEADOWS SENIOR LIVING, LLC; )
SPECTRUM RETIREMENT )
      COMMUNITIES, LLC,; )
SRC OF KANSAS, LLC; and )
SPECTRUM ACQUISITION )
      PARTNERS, LLC, )
                 )
      Third-Party Defendants. )
                 )
_____)

## MEMORANDUM AND ORDER

     This matter comes before the Court on the motion by plaintiffs SF Overland Park,

LLC and Park Meadows Senior Living, LLC (collectively, "plaintiffs") to dismiss their

claims against defendant Johnson Controls Fire Protection, L.P. ("JCFP") without

prejudice pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. # 93).  For the reasons set forth below,

the Court **grants** the motion, and those claims are hereby dismissed without prejudice.

Plaintiffs, the owner and the operator of a senior living facility, filed suit against JCFP seeking to recover damages allegedly caused by JCFP's repair work at the facility. Travelers Insurance Company ("Travelers"), plaintiffs' insurer, was permitted to intervene, and Travelers then filed a complaint against JCFP as subrogee of plaintiffs, by which it asserted claims virtually identical to the claims previously asserted by plaintiffs, and by which it seeks to recover the amount of the insurance benefits that it paid to plaintiffs with respect to the damage to the facility. In light of Travelers's litigation of the claims, plaintiffs now seek to dismiss their own claims against JCFP.

Because JCFP has already filed an answer to plaintiffs' original complaint, plaintiffs seek to dismiss their claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides that an action may be dismissed at the request of a plaintiff only by court order "on terms that the court considers proper." *See id.* Unless the order states otherwise, the dismissal is without prejudice. *See id.* "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *See Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022) (citation and internal quotations omitted). A district court normally grants dismissal without prejudice absent legal prejudice to the defendant. *See id.* Relevant factors for that determination may include the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence by the movant, insufficient explanation for the need for dismissal, and the present stage of the litigation, although that list of factors is not exclusive. *See id.*

JCFP opposes dismissal here.[1] JCFP first argues that because Rule 41(a) refers to the dismissal of an "action" by the plaintiff, the rule does not authorize dismissal of only some of a plaintiff's claims or the dismissal of claims by fewer than all plaintiffs in the action. The Tenth Circuit did hold in one case that Rule 41(a) did not authorize the dismissal by a single plaintiff of fewer than all claims against a single defendant. *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996). JCFP has not cited any authority, however, that supports the position that the rule does not allow for the dismissal of all claims against one defendant among multiple defendants; or (as is relevant here) the dismissal of all claims by one plaintiff among multiple plaintiffs in the case. The cases cited by JCFP generally involve only a single plaintiff and that plaintiff's attempt to dismiss fewer than all of its claims against a single defendant. Moreover, in one Tenth Circuit case cited by JCFP, the court stated that although Rule 41(a) refers to the dismissal of an "action", the rule actually "permits the dismissal of fewer than all parties so long as claims against a particular party are dismissed." *See Kristina Consulting Group, LLC v. Debt Pay Gateway, Inc.*, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpub. op.) (citing, *inter alia*, 8 *Moore's Federal Practice* ¶ 41.21[3][a] (2021)). In another case cited by JCFP, the Fifth Circuit noted that one plaintiff could not have dismissed only some of his claims under Rule 41(a); but that case involved multiple plaintiffs, and the court also noted that the dismissal of one plaintiff from a multi-plaintiff

---

[1] As plaintiffs note, JCFP opposes dismissal even though dismissal of plaintiffs' claim would actually lessen JCFP's exposure in the suit, as plaintiffs sought to recover all of their losses by their claims, while Travelers seeks to recover from JCFP only covered losses for which it paid benefits to plaintiffs.

case does not result in the dismissal of the entire action, without any suggestion that Rule 41(a) also prohibits the dismissal of one plaintiff from a case. *See Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010).

In addition, a leading treatise states that, according to the weight of authority and the sounder view, Rule 41(a) does not prevent the dismissal of all claims by or against a single party. *See* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008). As the treatise further noted, the issue is relatively academic, as a court can accomplish the dismissal of a party through various rules (such as amendment under Rule 15) or even the inherent power of the court. *See id.* JCFP has not cited any authority to support the argument that one of multiple plaintiffs may not voluntarily dismiss all of its claims pursuant to Rule 41(a) – let alone that a plaintiff may not do so in this particular circumstance, where the plaintiff's insurer has been permitted to intervene as an additional plaintiff to assert essentially the same claims. Accordingly, the Court rejects this argument against dismissal of plaintiffs' claims.

JCFP also argues that dismissal is not appropriate because dismissal of plaintiffs' claims must also result in the dismissal of the claims of Travelers, who stands in the shoes of plaintiffs as their subrogee. The Court rejects that argument as well. JCFP has not cited authority suggesting that plaintiff insureds must remain in the suit along with its insurer for this reason. JCFP cites *Shelman v. Western Casualty and Surety Co.*, 1 Kan. App. 2d 44 (1977), *rev. denied* (Kan. 1977), which of course was decided under state procedural rules that would not apply here. In that case, moreover, the court only noted that the insurer could not assert claims that the insured had already settled. *See id.* at 55-56. There is no

4

such issue of preclusion in the present case, however, as Travelers has already asserted its claims against JCFP, and the dismissal of plaintiffs' claim are without prejudice at any rate.

Finally, the Court rejects JCFP's argument that plaintiffs are real parties in interest whose presence as parties is required. In the case cited by JCFP to support that argument, *Kansas Electric Power Co. of Leavenworth, Kansas v. Janis*, 194 F.2d 942 (10th Cir. 1952), the court stated that in an action for the entire loss suffered by an insured, the case against the wrongdoer should be litigated by both the insurer and the insured, and both parties should be joined in the action. *See id.* at 944. The court further noted, however, that if that loss has been paid by the insurer to the insured, the action is maintained in the name of the insurer. *See id.* In the present case, Travelers has paid benefits to plaintiffs, its insureds, and thus there is no reason Travelers cannot assert the claims against JCFP in its own name without plaintiffs, its insured, as parties. Moreover, the benefits paid by Travelers did not cover all of the losses suffered by plaintiffs, and plaintiffs have chosen not to pursue their claims for the non-covered losses. JCFP has not identified any reason why plaintiffs' presence as party-plaintiffs is required here. Accordingly, the Court will permit plaintiffs to dismiss their claims voluntarily without prejudice pursuant to Rule 41(a)(2).

The Court also concludes in its discretion that JCFP will not suffer any legal prejudice from a dismissal without any curative conditions. JCFP claims that plaintiffs have not been forthcoming in discovery, but any such issue would not bear on whether plaintiffs should remain in the case as parties asserting affirmative claims. JCFP's ability to obtain discovery from plaintiffs will be unaffected, as plaintiffs will remain as parties

by virtue of the counterclaims asserted by JCFP (and JCFP could obtain third-party discovery at any rate). JCFP's efforts in litigating the case to this point will not be wasted, as Travelers is asserting essentially the same claims. Any prejudice that JCFP may suffer if plaintiffs later re-file their claims in another action may be addressed if such re-filing occurs. This case remains in the early stages of its litigation, and the Court is not persuaded that plaintiffs have acted in bad faith or without diligence. The Court therefore grants the motion.

With the removal of these two movants as plaintiffs, the Court will realign the parties (with JCFP's counterclaims against movant now deemed to be third-party claims), as shown in the caption above, which caption the parties should employ in the future.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by plaintiffs SF Overland Park, LLC and Park Meadows Senior Living, LLC to dismiss their claims against defendant Johnson Controls Fire Protection, L.P. without prejudice (Doc. # 93) is hereby **granted**, and those claims are hereby dismissed without prejudice.

IT IS FURTHER ORDERED BY THE COURT THAT the parties shall be realigned as set forth in the caption above, which caption shall be used in this litigation going forward.

IT IS SO ORDERED.

Dated this 17th day of December, 2025, in Kansas City, Kansas.

 /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge